## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | § | |
| **NOT IN ITS INDIVIDUAL CAPACITY,** | § | |
| **BUT SOLELY AS TRUSTEE FOR THE** | § | |
| **RMAC TRUST, SERIES 2016-HC-CTT,** | § | **Civil Action No. 3:22-cv-00319** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MYRTLE DUPREE, ALFRED W.** | § | |
| **DUPREE, III,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff the U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-HC-CTT ("U.S. Bank" or "Plaintiff") files this *Original Complaint* against, Myrtle Dupree and Alfred W. Dupree, III, and shows:

### I.  PARTIES

1.      U.S. Bank is the Plaintiff in this cause who is appearing through the undersigned counsel.

2.      Defendant Myrtle Dupree is a co-owner of the subject property and a co-mortgagor in the subject loan. She may be served with process at 12630 Hallum Street, Dallas, Texas 75243, or such other place where she may be found.  Summons is requested.

3.      Defendant Alfred W. Dupree, III is a co-owner of the subject property. He may be served with process at 12630 Hallum Street, Dallas, Texas 75243, or wherever he may be found.

## II. JURISDICTION AND VENUE

### A. Diversity Jurisdiction.

4.     This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

5.     Plaintiff is the trustee of a traditional trust.  When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008).  Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.  *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006).  Therefore, Plaintiff is a citizen of Minnesota for diversity purposes

6.     Defendants are individuals and citizens of the State of Texas.

7.     This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

8.     When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that

will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

9.      Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property described below exceeds $75,000.00. The Dallas County Appraisal District values the Property at $141,300.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

### B. Venue.

10.      Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. Section 1391(a)(2) because this suit concerns title to real property located in Dallas County, Texas.

### III. FACTS

11.      On or about December 16, 1999, for value received, Decedent Alfred W. Dupree, Jr., deceased ("Borrower" or "Decedent") executed that certain *Home Equity Note* ("Note") in the original principal sum of $40,000.00 bearing interest at the rate of 9.050% per annum and originally payable to Option Mortgage Corporation ("Option One"). **See Exhibit A.**

12.      The Note is secured by that certain Deed of Trust ("Security Instrument" and together with the Note, the "Loan Agreement") of even date therewith, signed by Borrower and,

spouse at the time, Defendant Myrtle Dupree (the "Duprees").  The Security Instrument was filed for record in the Official Public Records of Dallas County, Texas on December 29, 1999, beginning at document number 849846 creating a valid lien on improved real property in Dallas County, Texas, commonly known as 12630 Hallum Drive, Dallas, Texas 75243 and more particularly described as follows:

> BEING LOT 14 IN BLOCK 25/7622 ON NINTH SECTION OF HAMILTON PARK, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 37, PAGE 79 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

 (the "Property"). **See Exhibit B.**

13.     The Loan Agreement was subsequently transferred by Option One to JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage, LLC ("JMPC") per certain Assignment of Lien recorded in the Official Public Records of Dallas County, Texas under Instrument No. 20100137177 on June 4, 2010. **See Exhibit C.**

14.     The Loan Agreement was then transferred by JMPC to PennyMac Holdings, LLC ("PennyMac") per certain Texas Assignment of Deed of Trust recorded in the Official Public Records of Dallas County, Texas under Instrument No. 201500081314 on April 2, 2015. **See Exhibit D.**

15.     The Loan Agreement was subsequently transferred by PennyMac to Citibank, N.A, as Trustee for CMLT1 Asset Trust ("Citibank") per certain Assignment of Deed of Trust recorded in the Official Records of Dallas County, Texas under Instrument No. 201800258346 on September 26, 2018. **See Exhibit E.**

16.     The Loan Agreement was subsequently transferred to by Citibank to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust,

Series 2016-CTT per certain Assignment of Deed of Trust recorded in the Official Records of Dallas County, Texas under Instrument No. 20180028347. **See Exhibit F.**

17.     The Loan Agreement was then transferred by U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT to Plaintiff. **See Exhibit G.**

18.     Plaintiff is the current legal owner of the Note. Plaintiff is also the beneficiary and a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

19.     Under the terms of the Note and Security Instrument, the Duprees were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

20.     The Note and Security Instrument further provide that should the Duprees fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

21.     Decedent Alfred W. Dupree, Jr., passed away on August 4, 2003. The Property at issue is assumed to be community property estate of Decedent pursuant to Tex. Estates Code § 201.003 and therefore passed to his surviving spouse, Defendant Myrtle Dupree.

22.     On November 19, 2013, Defendant Myrtle Dupree transferred her interest in the Property via a Quitclaim Deed to Terry Hicks, a single person.  **See Exhibit H.** Subsequently, Terry Hicks, a single person, transferred his interest in the Property to Defendants Myrtle Dupree and Alfred W. Dupree, III. **See Exhibit I**. Accordingly, Defendants are the current owners of the Property.

23.     The Duprees failed to comply with the terms of the Loan Agreement. Notice of Default was provided on January 6, 2022, pursuant to the Loan Agreement and applicable law. **See Exhibit J.** The default has not been cured under the Loan Agreement. Therefore, the Loan Agreement is hereby accelerated by the filing of this lawsuit.

24.     In accordance with the Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit to obtain an order for foreclosure.

### IV. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

25.     The foregoing paragraphs are incorporated by reference for all purposes.

26.     As the current mortgagee of record who has the right to enforce the Note and Security Instrument. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Because of material breach of the Loan Agreement, Plaintiff seeks judgment allowing it to enforce its lien through non-judicial foreclosure of the Property in accordance with the Security Instrument and Texas Property Code section 51.0002, or alternatively, a judgment for judicial foreclosure, against the Defendants who interest on the Property subject to Borrower's debt.

27.     Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument.

## V.  MATTER OF AVOIDANCE-TOLLING

28.     Plaintiff asserts tolling of the statute of limitations as a matter of avoidance.

29.     Pursuant to Texas Law, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035.  As a general rule, "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time in which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991); *see also Pioneer Bldg. & Loan Ass'n v. Johnston*, 117 S.W.2d 556, 559 (Tex. App. 1938).

30.     Plaintiff's cause of action for foreclosure accrued on November 22, 2013, when a Notice of Acceleration was provided to the Duprees.

31.     Without tolling, Plaintiff's cause of action for foreclosure would have run on November 22, 2017.  However, Defendant Myrtle Dupree filed for Chapter 13 Bankruptcy protection on February 21, 2017, in the Northern District of Texas Under Bankruptcy Case Number 17-30627-HDH-13 (the "Bankruptcy Action").  During the pendency of the Bankruptcy Action, and until its dismissal on May 3, 2018, Plaintiff was prohibited from proceeding with foreclosure due to the automatic stay that was in place for 436 days. Thus, through the automatic stay, the statute of limitations for Plaintiff to assert its cause of action for foreclosure was extended until February 1, 2019.

32.     Upon the dismissal of the Bankruptcy Action and prior to the expiration of the extended statute of limitations period, a new demand letter was mailed to the Duprees on November 29, 2018. Such notice of default constituted an abandonment of the prior acceleration.

*See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104-06 (5th Cir. 2015) (holding under Texas law that a new notice of default could conclusively establish abandonment).

33.     During the pendency of the Bankruptcy Action, some payments were applied towards the Loan Agreement. Accordingly, an updated Notice of Default and Intent to Accelerate was provided on January 6, 2022, pursuant to the Security Instrument and the Texas Property Code. The default was not cured, and the debt is being hereby accelerated by the filing of the instant lawsuit. Thus, with tolling Plaintiff's claim is timely.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** U.S Bank prays that the Court enter a judgment allowing it to foreclose on the Property in accordance with the Security Instrument or, alternatively, a judgment foreclosing its lien and an order for sale, grant its attorneys' fees and costs, and grant it such other relief to which it is entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**